UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| MICHAEL E. WOLFE, #346590, | ) | Civil Action No. 4:21-cv-0939-JD-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | **ORDER** |
| | ) | |
| NFN SHEPARD, NFN MACK, NFN | ) | |
| BRITHARP, NFN BROWN, NFN | ) | |
| BROWN, NFN GUESS, NFN FOGLE, | ) | |
| NFN PEASLEY, SARA HANSEN, and | ) | |
| JAMIE RICE, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

In this action, Plaintiff, a prisoner proceeding pro se, alleges that Defendants violated his constitutional rights by failing to protect him from a known threat, depriving him of recreation time and access to showers, and destroying his personal property. Presently before the court are Plaintiff's Motions to Compel (ECF No. 43, 44) and Motion Pursuant to Fed.R.Civ.P. 56(d)[1] (ECF No. 46). All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC.

**First Motion to Compel (ECF No. 43)**

In Plaintiff's first motion to compel, Plaintiff argues that Defendants' responses to his Interrogatories are insufficient. The interrogatories at issue are set forth below.

**Defendant Shepard**

2.    Did you personally speak with Plaintiff (Michael E. Wolfe) on Lieber's RHU/Max Shift office phone on May 9, 2019? What was the reason for Lieutenant Guess

_____

[1]Plaintiff cites to Fed.R.Civ.P. 56(f), which is where the relevant rule language was located prior to the 2010 amendment to the Rule 56.

placing Plaintiff on the Max Shift office phone on May 9, 2019?

Answer:        This Defendant has no recollection or memory of any such event in relation
               with the Plaintiff.

3.      During the aforementioned phone call with Plaintiff on May 9, 2019, did he tell you
        that he's in fear for his life in the Max A.side Unit due to a statewide hit on him and
        he's requesting protective custody and to be placed on lock up?

Answer:        This Defendant has no recollection or memory of any such event in relation
               with the Plaintiff.

7.      Was Plaintiff ever given an Institutional Protective Custody Committee (IPCC)
        Hearing during the time of these claims?

Answer:        This Defendant is not aware of whether Plaintiff was given an Institutional
               Protective Custody hearing.

8.      Per SCDC Policy should an Institutional Protective Custody Committee (IPCC)
        Board Review be conducted within (7) days of an inmate filling out a SCDC Form
        19-47 "Evaluation of Protective Concerns?"

Answer:        This Defendant refers to the policy for a complete description of its contents.

**Defendant Mack**

2.      Were you a named Defendant in another civil action (lawsuit) of the Plaintiff's (not
        this one) during the time of these claims (May 9, 2019 - May 28, 2019)?  In Plaintiffs
        other lawsuit (not this one) does he have a 8th U.S. CONS. AMEND. Claim of
        "failure to protect" in which he specifically named you?

Answer:        This Defendant has no recollection or memory of any such event in relation
               with Plaintiff.

3.      On May 9, 2019, did Plaintiff tell you he's in fear for his life in Lieber's max A-side
        due to a statewide hit on his and he's requesting to be placed on the lock-up wing of
        the max unit?

Answer:        This Defendant has no recollection or memory of any such event in relation
               with Plaintiff.

4.      During the time of these claims did the inmates housed in the max A-side of Lieber
        come out for recreation unrestrained?

Answer:      This Defendant has no recollection or memory of any such event in relation with Plaintiff.

5.      Did yo approach Plaintiff with use-of-force gear on and tell him that he's not going to the lock-up wing he's going to max A-side on May 9, 2019?

Answer:      This Defendant has no recollection or memory of any such event in relation with Plaintiff.

6.      Did you use force to place Plaintiff in the max A-side at Lieber Corr. Ins. on May 9, 2019?

Answer:      This Defendant has no recollection or memory of any such event in relation with Plaintiff.

7.      Ultimately, was Plaintiff placed and housed in the max A-side on May 9, 2019?

Answer:      This Defendant has no recollection or memory of any such event in relation with Plaintiff.

**Defendant Britharp**

2.      Were you a named Defendant in another civil action (lawsuit) of the Plaintiff's (not this one) during the time of these claims (May 9, 2019 - May 28, 2019)?

Answer:      This Defendant is not aware of any other civil action by the Plaintiff to which he was a party during the time of these claims.

3.      Did you sign off on a SCDC Form 19-47 Evaluation of Protective Concerns on 6/21/17 during a Protective Custody Hearing (that was held in Lieber's Max Unit Sally port) where Plaintiff's Protective Custody was validated?

Answer:      This Defendant does not have any memory or knowledge of whether or not he signed off on an SCDC Form 19-47 on 6/21/2017.  This Defendant craves reference to the documents referred to in the Plaintiff's Interrogatory and denies anything inconsistent with such documents.

**Defendant Captain Brown**

2.      On May 9, 2019, did Plaintiff tell you that he was in fear for his life in Lieber's Max A-side (which was where he was assigned to be housed) due to a statewide hit on him and he's requesting a SCDC Form 19-47 "Evaluation of Protective Concerns" to complete and to be housed on the lock-up wing? Did you provide a SCDC Form 19-

47 for Plaintiff to complete, that you signed off on May 9, 2019?

Answer:     This Defendant has no recollection or memory of any such event or conversation with the Plaintiff.  This Defendant was not working in Lieber's Max A-side at the times relevant to this case.

5.      On May 9, 2019, did you fill out and sign a SCDC Form 19-67 "Pre-Hearing Detention Placement" for the Plaintiff in Lieber's Max Shift Office?

Answer:     This Defendant has no recollection or memory of any such event in relation with the Plaintiff.

**Defendant Lieutenant Brown**

1.      Were you working as a Lieutenant at Lieber Corr. Ins. during the time of these claims?

Answer:     This Defendant is unsure of whether he was working as a Lieutenant at Lieber Correctional Institution during the time of these claims.

2.      Did you work in Lieber's Max Unit any other time from May 9, 2019 - May 28, 2019?

Answer:     This Defendant is unsure of whether he was working as a Lieutenant at Lieber Correctional Institution during the time of these claims.

3.      Upon Plaintiff's arrival to Lieber's Max Unit on May 9, 2019, once he found out he was going to the Max A-side did he tell you he's in fear for his life in the Max A-side due to a statewide hit on him and wants to be placed in the Max Lock-up wing?

Answer:     This Defendant has no recollection or memory of any such event in relation with the Plaintiff.

4.      Did Plaintiff request a SCDC Form 19-47 "Evaluation of Protective Concerns" on May 9, 2019?  Was Plaintiff subsequently given a SCDC Form 19-47 "Evaluation of Protective Concerns" that he filled out on May 9, 2019?

Answer:     This Defendant has no recollection or memory of any such event in relation with the Plaintiff.

5.      What was the reason for Captain Mack (with use of force gear on) and Officer Peasley (with the handheld digital use of force camera) approaching Plaintiff in Lieber's Max Shift office when he stated he did not want to go to Lieber's Max A-

-4-

side?

Answer:     This Defendant has no recollection or memory of any such event in relation with the Plaintiff.

6.     Was Plaintiff moved with force from Lieber's Max Shift Office to Lieber's May A-side on May 9, 2019?  Did you participate in this use of force on May 9, 2019?

Answer:     This Defendant has no recollection or memory of any such event in relation with the Plaintiff.

7.     Ultimately, was Plaintiff placed and housed in Lieber's Max A-side on May 9, 2019?

Answer:     This Defendant has no recollection or memory of any such event in relation with the Plaintiff.

**Defendant Guess**

4.     Did Plaintiff fill out a SCDC Form 19-47 Evaluation of Protective Concerns in Lieber's Max Sally Port on 5/9/19?

Answer:     This Defendant has no recollection or memory of any such event in relation with Plaintiff.

**Defendant Fogle**

2.     Did Plaintiff state he's in fear for his life in Lieber's Max A-side due to a statewide hit on him and he's requesting to be placed on the max lock-up wing, upon his arrival on May 9, 2019?

Answer:     This Defendant has no recollection or memory of any such conversation with the Plaintiff.  Additionally, this Defendant did not work on Liber's Max A-side at the time.

3.     Upon Plaintiff's arrival at Lieber on May 9, 2019, did he request a SCDC Form 19-47 "Evaluation of Protective Concerns?"

Answer:     This Defendant has no recollection or memory of any such conversation with the Plaintiff.

4.     Did Plaintiff subsequently fill out a SCDC Form 19-47 "Evaluation of Protective Concerns" on May 9, 2019 in Liber's max Sally Port?

Answer:          This Defendant has no recollection or memory of any such event in relation with the Plaintiff.

5.          Ultimately was Plaintiff placed and housed in Lieber's max A-side on May 9, 2019?

Answer:          This Defendant has no recollection or memory of any such event in relation with the Plaintiff. Additionally, this Defendant did not work on Lieber's Max A-side at the time.

6.          Was Plaintiff placed in Lieber's max A-side with use of force on May 9, 2019?

Answer:          This Defendant has no recollection or memory of any such event in relation with the Plaintiff. Additionally, this Defendant did not work on Lieber's Max A-side at the time.

7.          During the time of these claims did Lieber's max A-side house inmates who come out for showers and recreation unrestrained?

Answer:          This Defendant did not work on Lieber's Max A-side at the time.

8.          Did you bring Plaintiff his personal property to the max A-side once he was placed in his cell on May 9, 2019 at Lieber?

Answer:          This Defendant has no recollection or memory of any such event in relation with the Plaintiff. Additionally, this Defendant did not work on Lieber's Max A-side at the time.

**Defendant Hansen**

7.          After May 9, 2019, did you ever speak to the Plaintiff again between May 9, 2019 - May 28, 2019? After a reflection of the record and your documented encounters if you did speak with Plaintiff again can you please tell me what was discussed during these conversations?

Answer:          This Defendant spoke with the Plaintiff between the dates of May 9, 2019, and May 28, 2019, on a few occasions while she was making her rounds.

**Defendant Rice**

3.          Were you a named Defendant in another lawsuit (not this one) of the Plaintiff's during the time of these claims?

Answer:          This Defendant does not recall being named in another lawsuit by the

-6-

Plaintiff.

4.      The other lawsuit (not this one) of the Plaintiff's, that you're named on, Does Plaintiff have a 8th U.S. CONS. AMEND. claim of "failure to protect" listed in that civil action (this is not a request for an admission of any claim in the other lawsuit, Plaintiff is simply asking if there is a "failure-to-protect" claim listed in the other civil action).

Answer:     This Defendant has no recollection or memory of any such event in relation with the Plaintiff.

5.      Did you ever speak with the Plaintiff during the time of these claims in this civil action currently before the courts?

Answer:     This Defendant does not recall whether he spoke with Plaintiff regarding any claims.

7.      During the time of these claims did Plaintiff ever tell you that he feels like he's "trapped in a flashback?"

Answer:     This Defendant has no recollection or memory of any such event in relation with the Plaintiff.

**Defendant Peasley**

Each of the responses to the interrogatories directed to Defendant Peasley states: "The undersigned counsel attests that she has been unable to consult with Defendant Peasley to fully respond to this Interrogatory and will supplement this response when consultation is possible." In response to Plaintiff's motion to compel, Defendants assert that Peasley's responses have now been served. Plaintiff has not filed a reply to indicate that Peasley's responses are inadequate. Thus, it is presumed that the responses provided are adequate and, therefore, Plaintiff's motion is denied as moot at to Defendant Peasley.

The vast majority of the responses at issue indicate that the defendant does not recall the information sought by Plaintiff. In many circumstances, an answer simply indicating that the party

does not know or recall whether an event occurred is an inadequate response[2] pursuant to Fed.R.Civ.P. 33. "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." See Fed.R.Civ.P. 33(b)(3). "The grounds for objecting to an interrogatory must be stated with specificity." See Fed.R.Civ.P. 33(b)(4). "If a party is unable to supply the requested information, the party may not simply refuse to answer, but must state under oath that he is unable to provide the information and 'set forth the efforts he used to obtain the information.'" Hansel v. Shell Oil Corp., 169 F.R.D. 303, 305 (E.D.Pa. 1996) quoting Milner v. National School of Health Tech., 73 F.R.D. 628, 632 (E.D.Pa.1977). If only some of the information is available, that information must be provided, and may be prefaced with a statement placing the answer in context.

Further, both answers to interrogatory number 8 to Defendant Shepard and interrogatory number 3 to Defendant Britharp refer to other documents for the answer. Specifically, the answer to interrogatory number 8 to Defendant Shepard refers Plaintiff generally to SCDC Policy and the answer to interrogatory number 3 to Defendant Britharp refers Plaintiff to a SCDC Form 19-47 Evaluation of Protective Concerns completed on 6/21/17. However, it is not clear whether Plaintiff has access to the policy referenced or the SCDC Form 19-47, and neither Defendant Shepard nor Defendant Britharp provide any explanation for why they are unable to provide an answer to the interrogatories in question. These answers are inadequate.

Finally, in interrogatory number 7 to Defendant Hansen, Plaintiff asks whether Defendant

---

[2]For example, some interrogatories ask if a particular defendant was a party to a civil action instituted by Plaintiff during a short time period in 2019, and that response is that the defendant does not remember or recollect. Another interrogatory asks whether a defendant held a certain rank during a particular time frame, to which the defendant replies "no recollection or memory." These are only examples of inadequate responses and are not meant to be limiting designations.

Hansen spoke to Plaintiff between May 9, 2019, and May 28, 2019, and, if so, what they discussed. Defendant Hansen only partially answered the question by indicating that she did speak with Plaintiff on a few occasions during that time period, but she did not indicate what they discussed. This response is, thus, incomplete and should be supplemented.

While in limited circumstances Defendants' boilerplate responses may be adequate, generally they are not sufficient and are not in compliance with the rules of procedure.

Accordingly, the First Motion to Compel (ECF No. 43) is granted as discussed above with the exception of the interrogatories posed to Defendant Peasley. The remaining Defendants are to provide Plaintiff with supplemental responses to the discovery pursuant to Fed. R. Civ. P. 33 within fifteen days of the date of this order; if the responses cannot be supplemented, Defendants are to describe the efforts made to obtain the information, and the reasons the information cannot be obtained.

**Second Motion to Compel (ECF No. 44)**

In his second Motion to Compel, Plaintiff agues that Defendants failed to provide any documents responsive to his Requests for Production and seeks an order compelling Defendants to produce the documents requested. Plaintiff submitted the following requests to all Defendants:

1.      Identify and attach a copy of any and all SCDC Form 19-47 "Evaluation of Protective Concerns" and SCDC Form 19-67 "Pre-Hearing Detention Placement" filled out for Michael E. Wolfe from May 9, 2019 - May 28, 2019.

2.      Identify and attach a copy of any and all SCDC Form 19-168 "Inmate Voluntary Statement" Plaintiff (Michael E. Wolfe) filled out on May 9, 2019, in Lieber's max shift office and gave to Defendants.

3.      Identify and attach a copy of any and all recordings of Plaintiff's Institutional Protective Custody Committee (IPCC) hearing that should of been held at Lieber between May 9, 2019 - May 28, 2019.

4.    Identify and attach a copy of any and all of Plaintiff's mental health and medical records during the time of these clams (this includes all documented encounters with Jamie Rice and Sara Hanson and the Plaintiff).

5.    Identify and attach a copy of any and all SCDC 19-2 Forms "Inmate Property Inventory" that was filled out for the Plaintiff anytime between May 9, 2019 - May 28, 2019 (there should be one filled out when he arrived on May 9, 2019).

6.    Identify and attach a copy of any and all use of force reports and videos for the use of force that moved Plaintiff from Lieber's Max Sally Port to max A-Wing on may 9, 2019.

Defendants assert the same response for requests number 1 - 6: "Upon information and belief, the Defendants are not in possession of any documents responsive to this request."

7.    Identify and attach a copy of any and all duty rosters showing what officers were assigned to Lieber's max unit on May 9, 2019.

8.    Identify and attach a copy of any and all documents showing what qualified mental health personnel was assigned to and working in Lieber's max unit on May 9, 2019.

9.    Identify and attach a copy of any and all Lieber's max unit Log Book entries pertaining to the Plaintiff and May 9, 2019, anything not pertaining to the Plaintiff can be redacted.

Defendants assert the same response for requests number 7 - 9: "These Defendants are informed by SCDC that there are no documents responsive to this request. These Defendants will supplement this response if responsive documents are located.

With respect to requests 1 - 6, Fed.R.Civ.P. 34 requires a party to produce only those documents that are within the party's "possession, custody, or control." Fed.R.Civ.P. 34(a)(1). However, "[d]ocuments are considered to be under a party's control when that party has the right, authority, or practical ability to obtain the documents from a non-party." Goodman v. Praxair Servs., Inc., 632 F.Supp.2d 494, 515 (D. Md. 2009)(citation and internal quotation marks omitted). The documents requested in numbers 1 - 6 include SCDC forms and Plaintiff's SCDC medical/mental

-10-

health records.   Though Defendants indicate in response to requests 7 - 9 that they requested documents from SCDC but none were available, they provide no explanation why they did not do the same for the documents requested in requests 1 - 6.   They also assert in their response to the motion to compel that Defendants Mack, Peasley, Rice, Lieutenant Brown, and Hansen are no longer employed at Lieber Correctional Institution, but they make no mention of Defendants Shepard, Britharp, Captain Brown, Guess, or Fogle, and Plaintiff's requests for production were directed at all Defendants.   Therefore, Defendants responses to Plaintiff's requests for production 1 - 6 are inadequate.

Accordingly, the Second Motion to Compel (ECF No. 44) is granted as to requests for production 1 - 6 as discussed above.   Defendants are to provide Plaintiff with supplemental responses to the discovery requests pursuant to Fed. R. Civ. P. 34 within fifteen days of the date of this order; if the responses cannot be supplemented, Defendants are to describe the efforts made to obtain the information, and the reasons the information cannot be obtained.   As to requests for production 7 - 9, Defendants should supplement their responses if responsive documents have been located within fifteen days of the date of this order.

### Rule 56(d) Motion

Plaintiff argues that summary judgment is not appropriate at this time because Defendants failed to adequately respond to his discovery requests.   Pursuant to Fed.R.Civ.P. 56(d)(1), "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition the court may [ ] defer considering the motion or deny it . . . ." The scheduling order in this case provided a discovery deadline of August 2, 2021.  Scheduling Order (ECF No. 22).  Plaintiff timely served Defendants with discovery requests on June 14, 2021.  Pl. Aff.

¶ 8 (ECF No. 46-1). Defendants did not respond to Plaintiff's discovery requests until September 10, 2021, and Plaintiff did not receive the responses until September 14, 2021, Pl. Aff. ¶ 11, after Defendants filed the present Motion to Dismiss, or in the Alternative, for Summary Judgment. Even then, as detailed above, Defendants responses were for the most part completely evasive. Plaintiff avers that the discovery he has requested is necessary to adequately respond to Defendants' motion. The undersigned agrees. Thus, Plaintiff's Motion is granted and Defendants' motion for summary judgment is denied without prejudice and with leave to refile within thirty days of the date of this order.

**Conclusion**

For the reasons discussed above, Plaintiff's First Motion to Compel (ECF No. 43) and Second Motion to Compel (ECF No. 44) are **GRANTED** in part[3] as set forth in detail above, and Defendants are directed to comply within **fifteen days of the date of this Order**. Plaintiff's Rule 56(d) Motion (ECF No. 46) is **GRANTED**. Defendants' Motion to Dismiss, or in the Alternative, for Summary Judgment (ECF No. 39) is **DENIED** without prejudice as premature and **with leave to refile within thirty days of the date of this Order**.

**IT IS SO ORDERED**.

 s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

July 5, 2022
Florence, South Carolina

---

[3]The First Motion to Compel is denied as moot as to the interrogatories posed to Defendant Peasley. See supra, p. 7.

-12-