IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Michael E. Wolfe, #346590, | ) | Case No.: 4:21-cv-0939-JD-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER AND OPINION** |
| | ) | |
| NFN Shepard, NFN Mack, NFN Britharp,) | | |
| NFN Brown, NFN Brown, NFN Guess, NFN) | | |
| Fogle, NFN Peasley, Sara Hansen, and Jamie) | | |
| Rice, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court with the Report and Recommendation ("Report and Recommendation" or "Report") of United States Magistrate Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e) of the District of South Carolina.[1]   (DE 8.)   Plaintiff Michael E. Wolfe, #346590 ("Plaintiff" or "Wolfe"), proceeding *pro se,* brought this action alleging various violations of his constitutional rights while detained at Lieber Correctional Institution ("Lieber") because Defendants NFN Shepard, NFN Mack, NFN Britharp, NFN Brown, NFN Brown, NFN Guess, NFN Fogle, NFN Peasley, Sara Hansen, and Jamie Rice (collectively "Defendants") failed to place him in protective custody when he was transferred to Lieber.   (DE 83, pp. 1-2.)   Further, Wolfe alleges that he was denied protective custody in retaliation for a lawsuit he filed in 2017.   (DE 83, p. 2.)   Defendants filed a Motion to Dismiss, or in the Alternative, for Summary Judgment alleging Plaintiff failed to exhaust

---

[1]     The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  See Mathews v. Weber, 423 U.S. 261, 270-71 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

his administrative remedies.  (DE 67-1, p. 2.)  Because Plaintiff is proceeding *pro se*, he was

advised, pursuant to Roseboro v. Garrison, 528 F.3d 309 (4th Cir. 1975), that a failure to respond

to Defendants' motion could result in the motion being granted and his claims dismissed.  Plaintiff

filed a Response (DE 78) and additional attachments (DE 79).

The Report and Recommendation was issued on January 27, 2023, recommending

Defendants' Motion to Dismiss be granted.  (DE 83.)  The Report recommends that Plaintiff has

exhausted his administrative remedies.  However, the Report recommends that Plaintiff has 1)

failed "to present evidence sufficient to show that he suffered any injuries as a result of Defendants'

actions[,]" 2) "failed to show that Defendants' failure to place him in protective custody imposed

an atypical and significant hardship on him in relation to the ordinary incidents of prison life[,]"

and 3) "fails to show that he suffered anything more than a de minimis inconvenience as a result

of his 2017 lawsuit[.]"  (DE 83, pp. 9, 12.)  Plaintiff has not filed an objection to the Report.  In

the absence of objections to the Report and Recommendation, this Court is not required to give

any explanation for adopting the recommendation.  See Camby v. Davis, 718 F.2d 198, 199 (4th

Cir. 1983).  The Court must "only satisfy itself that there is no clear error on the face of the record

in order to accept the recommendation."  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310,

315 (4th Cir. 2005).

Accordingly, after a thorough review of the Report and Recommendation and the record

in this case, the Court adopts the Report (DE 83) and incorporates it herein.

It is, therefore, **ORDERED** that Defendants' Motion to Dismiss, or in the Alternative, for

Summary Judgment (DE 67) is granted, and this case is dismissed.

2

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
February 22, 2023

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days

from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

3